Filed 12/29/23  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098989 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F05934) |
| v. | |
| RONALD MITCHELL, | |
| Defendant and Appellant. | |

On February 5, 2010, a jury found defendant Ronald Mitchell guilty of the first degree murder (Pen. Code, § 187)[1] of one victim and attempted murder of a second victim (§ 664/187).  The jury also found true the special allegations that he committed the murder while lying in wait (§ 190.2, subd. (a)(15)), that he had personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) in both the murder

_____

[1]  Undesignated statutory references are to the Penal Code.

1

and attempted murder, and that the attempted murder was willful, deliberate, and premeditated. The trial court sentenced Mitchell to an aggregate prison sentence of life without the possibility of parole plus 64 years to life. (*People v. Mitchell* (Dec. 2, 2011, C064438) [nonpub. opn.].) We upheld this judgment in an unpublished decision issued in 2011. (*Ibid.*)

On October 17, 2022, Mitchell filed a petition for resentencing under former section 1170.95 (now section 1172.6).[2] Following the appointment of counsel and briefing by the parties, the trial court held a prima facie hearing wherein the court indicated its intention not to issue an order to show cause because Mitchell was convicted as the actual killer. The next day, the trial court issued a written ruling finding Mitchell was the actual killer and thus ineligible for relief. Accordingly, the trial court denied his petition. Defendant timely appealed.

On October 11, 2023, appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216, but requesting we exercise our discretion to review the entire record for arguable issues on appeal. That same day, appellate counsel wrote Mitchell, explaining he would be filing a *Delgadillo* brief, and if he failed to file a propria persona supplemental brief, his appeal would likely be dismissed. Also on October 11, 2023, this court sent a letter notifying Mitchell: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, Mitchell was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, Mitchell had 30 days to file a supplemental brief or letter raising any argument he wanted this court to

---

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.) We refer to the current section throughout this opinion.

consider. In addition, we reiterated if this court did not receive a letter or brief within that 30-day period, his appeal may be dismissed as abandoned.

On November 17, 2023, Mitchell filed a supplemental brief, which we understand to argue: (1) the ineffectiveness of his counsel for failing to investigate his claims; (2) that his defense counsel and the superior court subjected him to discrimination under "California Penal Code Section 745(a)(1)"; and (3) that he should be appointed a "California Attorney." We will affirm the trial court's order and deny Mitchell's request for judicial notice as unnecessary because the charging document, jury instructions, and verdicts from his original trial are already included in the record in this appeal.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

"Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.) The unavailability of former section

1170.95 relief to actual killers has been uniformly upheld by courts of this state. (*Strong,* at p. 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *People v. Lewis* (2021) 11 Cal.5th 952, 961-962.)

Here, a review of the jury instructions and verdicts show Mitchell is ineligible for relief as a matter of law. The trial court did not instruct the jury on either felony murder or the natural and probable consequences doctrine in the attempted murder and murder instructions. Instead, Mitchell was tried as the actual killer, with jury instructions on provocation and self-defense. The jury was also instructed on the special circumstance that the murder was committed while lying in wait, requiring the jury to determine whether Mitchell intentionally killed the first victim.[3] Further, the firearm enhancement instructions required the jury to find: (1) "defendant personally discharged a firearm during the commission" of the murder/attempted murder; (2) "defendant intended to discharge the firearm[;]" and (3) "defendant's act caused great bodily injury or the death of a person."

Thereafter, the jury rejected Mitchell's claims of self-defense and found him guilty of first degree murder. The jury also found true the special circumstance that the murder was committed while lying in wait and that Mitchell had personally discharged a firearm causing great bodily injury or death. Similarly, the jury found Mitchell was guilty of attempted murder and determined the attempted murder had been willful, deliberate, and premeditated and that Mitchell had personally discharged a firearm causing great bodily

---

[3] This instruction clarified that "[a] person commits a murder by means of lying in wait if: [¶] 1. He concealed his purpose from the person killed; [¶] 2. He waited and watched for an opportunity to act; [¶] 3. Then he made a surprise attack on the person killed from a position of advantage; [¶] AND [¶] 4. He intended to kill the person by taking the person by surprise."

injury. Thus, the jury's findings and rejection of Mitchell's claims of self-defense show it determined he was the actual killer/attempted killer preventing him from making a prima facie showing. (*People v. Strong, supra*, 13 Cal.5th at p. 710; *People v. Garcia, supra*, 82 Cal.App.5th at pp. 972-973; *People v. Harden, supra*, 81 Cal.App.5th at pp. 59-60; *People v. Cornelius, supra*, 44 Cal.App.5th at p. 58.)

Mitchell's arguments that he received ineffective assistance of counsel, was discriminated against, and should have been appointed a California attorney do not alter this result. Taking the last issue first, Mitchell's counsel on appeal is licensed to practice law in California, and thus, Mitchell has shown no basis to appoint him a "California Attorney." Second, having concluded Mitchell was ineligible for section 1172.6 relief as a matter of law, he cannot demonstrate any possible deficiencies in his representation were prejudicial.[4] (*People v. Mickel* (2016) 2 Cal.5th 181, 198-199; *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) Finally, to the extent Mitchell might have a claim under section 745 (a claim we express no opinion on), it is not cognizable from the denial of a section 1172.6 motion.[5] Our review in this case is limited to the propriety of the trial court's section 1172.6 determination.

---

[4] To the extent Mitchell's supplemental brief seeks to challenge the trial court's dismissal for want of jurisdiction of his motion for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.), Mitchell did not timely appeal this decision. Thus, this determination is not properly before us.

[5] Section 745 provides in pertinent part that "[a] defendant may file a motion in the trial court or, if judgment has been imposed, may file a petition for writ of habeas corpus or a motion under Section 1473.7 in a court of competent jurisdiction, alleging a violation of subdivision (a). If the motion is based in whole or in part on conduct or statements by the judge, the judge shall disqualify themselves from any further proceedings under this section." (§ 745, subd. (b).)

DISPOSITION

The trial court's order denying Mitchell's section 1172.6 petition is affirmed.


                                        /s/
                                 BOULWARE EURIE, J.


We concur:


       /s/
ROBIE, Acting P. J.


       /s/
DUARTE, J.